UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CLAY LANDIS RIGGS** | **CIVIL ACTION NO.  3:20-0495** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **STATE OF LOUISIANA** | **MAG. JUDGE KAREN L.  HAYES** |

### MEMORANDUM RULING

Pending before the Court is a Complaint filed by Plaintiff Clay Landis Riggs ("Riggs"). Riggs alleges:

> Whereas Jackson Parish Correctional Center where I am currently housed at with approx. 58 other Sovereign American People that is subjected to the same Covid 19 Virus without consideration for our safety. . . . The employees employed at this institution do not wear any PPE protective gear to prevent the spread of Covid 19. . . . Plaintiff avers that no testing for Covid 19 is being administered. . . . The employees do not practice social distancing to prevent the spread of the Covid 19. . . . The tables are not cleaned to prevent the spread of the deadly Covid 19. . . . [I am] being held illegally absent jurisdiction under the color of law that willfully places my life in grave danger each day by a very serious deadly virus Covid 19.

[Doc. No. 1].  He moves the Court, pursuant to 42 U.S.C. § 1983, "to issue a Public Restraining Order against the Corporate State of Louisiana Public Officials to prevent any further Constitutional violations against the Private Sovereign free man of flesh and blood."  *Id.*

Because Riggs is a prisoner seeking redress of civil rights issues under § 1983, the Court has conducted a pre-service screening of the Complaint under 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").  For the following reasons, the Court finds that Riggs' Complaint fails to state a claim for relief as a matter of law, and the Complaint, including his

request for injunctive relief, will be dismissed. *See* 28 U.S.C. § 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted"); FED. R. CIV. P. 8(a)(2).

In this case, Riggs seeks only a preliminary injunction. To obtain a preliminary injunction, the moving party must establish four factors: (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) the threatened injury outweighs any damage that the injunction may cause the opposing party, and (4) the injunction will not disserve the public interest. *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). A preliminary injunction is an extraordinary remedy. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.,* 760 F.2d 618, 621 (5th Cir. 1985).

First, Riggs brings this lawsuit as a civil rights Complaint under §1983. A § 1983 claim challenges the conditions of confinement, rather the execution or duration of a sentence. In this case, Newton indeed challenges the general prison conditions, but he seeks an accelerated release from prison, which is properly asserted as a *habeas* action, not as a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (The United States Supreme Court held that a challenge by a prisoner to the fact or duration of his confinement and seeking an immediate or earlier release from that confinement must be pursued through a habeas corpus proceeding rather than in an ordinary civil rights action); *see also Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998) ("Simply put, habeas claims involve someone's liberty, rather than mere civil liability."); *see also Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994) (citations omitted)(finding claims that would entitle prisoner to accelerated release are not properly pursued in a § 1983 conditions of confinement case).

Second, if Riggs seeks to bring this as a *habeas* action seeking parole, he has not alleged that he exhausted his state court administrative remedies prior to bringing suit. *See Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); *see also Preiser*, 411 U.S. at 477 (" If, on the other hand, *habeas corpus* is the exclusive federal remedy in these circumstances, then a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate. 28 U.S.C. s 2254(b).").

Finally, even if Riggs' claims are properly asserted, whether under § 1983 or *habeas,* several federal courts have considered arguments like those of Riggs and have universally found that prisoners are not entitled to release or transfer based solely on generalized COVID-19 fears and speculation. *See, e.g., United States v. Clark*, 2020 WL 1446895 at *3 (D. Kan. March 25, 2020); *United States v. Eberhart,* 2020 WL 1450745 at *2 (N.D. Cal. March 25, 2020); *Jackson v. Walz*, 2020 WL 1442641 (D. Minn. March 24, 2020); *Carter v. Santa Fe Adult Det. Ctr.*, No. CV 20-00271 RB/GJF, 2020 WL 1550888 (D.N.M. Apr. 1, 2020).  This Court agrees with those courts and finds that generalized concerns about the COVID-19 are not sufficient to state a concrete claim for redress.

While the Court is well aware of the effects the Covid-19 pandemic and is concerned about its effect on those persons in the prison system, Riggs has not stated a claim for relief at this time. Specifically, he cannot show a likelihood of success on the merits.  Accordingly, for the foregoing

reasons, Riggs' Complaint, including his request for a preliminary injunction, is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 22nd day of April, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE