UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CLAY LANDIS RIGGS | CIVIL ACTION NO.  3:20-0495 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| STATE OF LOUISIANA | MAG. JUDGE KAREN L.  HAYES |

MEMORANDUM RULING

Pending before the Court are Plaintiff Clay Landis Riggs' ("Riggs") *pro se* Application to Proceed In Forma Pauperis [Doc. No. 7], "Motion to Reconsider District Court Ruling Relative to Unsafe Conditions Suit Filed" [Doc. No. 9], and "Motion to Further Reconsider Judge's Ruling District Judge's Order to Dismiss Claims" [Doc. No. 10].   Also pending is Riggs' secondly filed Complaint. [Doc. No. 6].

On April 17, 2020, Riggs filed a Complaint, *pro se*, in which he alleged:

> Whereas Jackson Parish Correctional Center where I am currently housed at with approx. 58 other Sovereign American People that is subjected to the same Covid 19 Virus without consideration for our safety. . . .  The employees employed at this institution do not wear any PPE protective gear to prevent the spread of Covid 19. . . . Plaintiff avers that no testing for Covid 19 is being administered.  . . . The employees do not practice social distancing to prevent the spread of the Covid 19. . . . The tables are not cleaned to prevent the spread of the deadly Covid 19. . . . [I am] being held illegally  absent jurisdiction under the color of law that willfully places my life in grave danger each day by a very serious deadly virus Covid 19.

[Doc. No. 1].  He moved the Court, pursuant to 42 U.S.C. § 1983, "to issue a Public Restraining Order against the Corporate State of Louisiana Public Officials to prevent any further Constitutional violations against the Private Sovereign free man of flesh and blood."  *Id.*

Because Riggs is a prisoner seeking redress of civil rights issues under § 1983, the Court conducted a pre-service screening of the Complaint under 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

On April 22, 2020, after conducting this review, the Court concluded that Riggs' Complaint failed to state a claim for relief as a matter of law, and the Complaint, including his request for injunctive relief, was dismissed. *See* 28 U.S.C. § 1915A(b)(1) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted"); FED. R. CIV. P. 8(a)(2). [Doc. Nos. 4, 5].

At the same time as the Court was conducting the pre-service screening of Riggs' Complaint seeking injunctive relief, consistent with standard practice**,** the Magistrate Judge issued a Memorandum Order finding that Riggs' Complaint was not in proper form because (1) Riggs failed to submit the $400 filing fee or a completed application to proceed *in forma pauperis,* and, (2)  Riggs failed to submit his Complaint on approved forms. [Doc. No. 3]. Attached to the Memorandum Order that was sent to Riggs were a Civil Rights complaint form and an IFP application form.  [*Id*.]

On May 8, 2020, a Complaint on an approved form and an IFP application form were received by the Clerk of Court. [Doc. Nos. 6, 7].  On May 8, 2020, the Clerk of Court also received Riggs' two motions for reconsideration [Doc. Nos. 9, 10].[1]

---

[1] On May 8, 2020, the Clerk of Court also received a Motion for Recusal [Doc. No. 8], which the Court has addressed in a separate Ruling [Doc. No. 11].

*Motions for Reconsideration*

In his first motion for reconsideration [Doc. No. 9], Riggs repeats the same arguments set forth in his original Complaint pertaining to the Covid 19 Virus, *i.e.*, the failure to conduct Covid 19 testing and failure to take adequate safety measures.   He additionally contends that the Court should reconsider its Ruling because the Ruling was made before he "properly filed" his lawsuit on the approved Civil Rights complaint form.   He also attaches a copy of a "Request for Administrative Remedy" allegedly filed by him, dated April 25, 2020, several days after his original Complaint was filed. [Doc. No. 9-1, p.1].

He further attaches an "Affidavit of Denial of Corporate 'Existence,'" in which he denies the existence of himself, Clay Landis Riggs; his social security number; the United States of America; the State of Louisiana; the Louisiana State Police Department; the Second Judicial District Court; the Jackson Parish Sheriff's Department; the Jackson Parish Correctional Center; and several other entities.  [Doc. No. 9-1, pp. 3,4].

Ironically, despite denying his own existence as well as the existence of the United States of America, (including, presumably, this Court, as well as United States currency), he asks this Court to reconsider its prior Ruling of April 22, 2020, and to ultimately award him damages in the amount of "millions of American dollars in real money." [Doc. No. 9; Doc. No 1., p. 6].

In his second motion for reconsideration [Doc. No. 10], Riggs alleges that the Court should reconsider its prior Ruling because he has been "retaliated against" for filing requests for administrative remedy and he attaches in support a copy of a Disciplinary Report describing an incident which allegedly occurred on April 30, 2020, after he filed his original Complaint.  [Doc. No. 10-1].  He provides the additional information that there have been 85 reported cases of Covid 19 in Jackson Parish.

The Fifth Circuit has explained that a Rule 59(e) motion "calls into question the correctness of a judgment," but "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered," or were offered, "before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations and internal quotation marks omitted).

Riggs' allegations in his motions to reconsider are mostly repetitions of the arguments and allegations he made in his original Complaint, and they do not alter the Court's reasoning as set forth in its prior Ruling. Although Riggs disagrees with the Court's determination in this case, the Court has previously considered and rejected Riggs' arguments and finds no reason to alter or amend the Ruling and Judgment.

Additionally, Riggs argument that he is entitled to a reconsideration because the Court conducted the pretrial screening and found that his original Complaint failed to state a claim for relief as a matter of law *before* he "properly filed" his claim using the correct forms has no merit. The authority to require particular forms flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Thus, the requirement is for the convenience of the Court. Also, Riggs' second Complaint on an approved form merely directs the Court to his original Complaint and makes no additional allegations, as is discussed *ante*. Thus, it presents nothing new for consideration.

Further, to the extent Riggs' motions for reconsideration make allegations of retaliation and events that occurred *after* the filing of his original Complaint received by the Clerk of Court on April 17, 2020, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or

any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The statute clearly requires an inmate bringing a civil rights action to exhaust his available administrative remedies before filing suit. *See Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court; it is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "[D]istrict courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal*, 702 F.3d 785, 787-88 (5th Cir. 2012).

Here, Riggs' new claims in his motions for reconsideration arose after he initiated suit on April 17, 2020. *A fortiori*, then, Riggs could not have exhausted his new claims before filing suit. *See Torns v. Miss. Dep't of Corr.*, 301 Fed. App'x. 386, 388 (5th Cir. 2008) ("One way in which a complaint may show the inmate is not entitled to relief is if it alleges facts that clearly foreclose exhaustion."). As Riggs did not exhaust the claims before he filed suit on April 17, 2020, he does not present claims on which relief may be granted, and his motions to reconsider are futile.

Even if the Court were to consider Riggs' administrative remedy procedural complaints that allegedly occurred after the filing of his original Complaint, a plaintiff does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. 2004) (holding that "claims that the defendants violated . . . constitutional rights by failing to investigate . . . grievances fall short of establishing a federal constitutional claim.").

Therefore, Riggs' motions for reconsideration have no merit and must be DENIED.

*The second Complaint, [Doc. No. 6]*

Finally, pursuant to 28 U.S.C. § 1915A(a), the Court has reviewed the Complaint "properly filed" by Riggs on the approved form [Doc. No. 6], and finds that it, too, fails to state a claim. *See also* 28 U.S.C. § 1915A(b)(1).   In Section IV, "Statement of Claim," where the complainant is directed to "State the FACTS of your case," Riggs states only the following:

> Refer to the Complaint filed relative to Case Number 3:20-CV-0080 that was denied by Judge Doughty and Hayes on a motion to add to the Complaint.
> The same Complaint has been filed under this case number 3:20-cv-00495.  See Both Complaints.
> This Complaint is being filed under the Supreme Law of the Land not the Law of Water.

 [Doc. No. 6, p.3].  Riggs therefore merely references his original Complaint, which he states is the same as a complaint filed previously in a different, on-going proceeding, No. 3:20-CV-0080. He makes no new allegations.  The Court has previously found his original Complaint fails to state a claim.  [Doc. Nos. 4, 5].  It necessarily follows that his second Complaint likewise fails to state a claim.

*Conclusion*

As noted in its prior Ruling, while the Court is well aware of the effects of the Covid-19 pandemic and is concerned about its effect on those persons in the prison system, Riggs has not stated a claim for relief.

 Accordingly, for the foregoing reasons, Riggs' "Motion to Reconsider District Court Ruling Relative to Unsafe Conditions Suit Filed" [Doc. No. 9], and "Motion to Further Reconsider Judge's Ruling District Judge's Order to Dismiss Claims" [Doc. No. 10] are DENIED; Riggs' second Complaint [Doc. No. 6] is DISMISSED WITH PREJUDICE; and Riggs' *pro se* Application to Proceed In Forma Pauperis [Doc. No. 7] is DENIED AS MOOT.

6

MONROE, LOUISIANA, this 15th day of May, 2020.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**